## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 24-9456

JOE HERNANDEZ,                                                                    APPELLANT,

      V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.

Before TOTH, FALVEY and JAQUITH, *Judges.*

### O R D E R

On December 24, 2024, self-represented Army veteran Joe Hernandez appealed an August 22, 2024, Board of Veterans' Appeals letter not accepting a February 2022 VA Form 10182 (a Board appeal in the modernized system, also known as a Notice of Disagreement (NOD)). Among several arguments submitted on May 21, 2025, he seems to disagree with how the Board treated the February 2022 VA Form 10182. Appellant's Informal Brief (Br.) at 9; *see De Perez v. Derwinski*, 2 Vet.App. 85, 86 (1992) (suggesting that the Court will liberally construe self-represented appellants' briefs).

On July 21, 2025, the Secretary insisted that the Court remand this matter. Secretary's Br. at 7. As the Secretary sees it, the Board erroneously found that the February 2022 VA Form 10182 challenged an August 2021 VA letter, not the January 2022 VA letter that the NOD actually cited. *Id*. And so, according to the Secretary, the Board didn't address whether the January 2022 VA letter was an appealable decision. *Id.* at 7-8. The Secretary adds that the Board didn't address several other statements trying to appeal a June 2020 rating decision that denied a motion for clear and unmistakable error. *Id.* at 8. At bottom, the Secretary contends that these oversights are remandable errors. *Id.* at 9. Mr. Hernandez disagrees; on July 22, 2025, he urged the Court to reject this concession and reverse the Board letter. Informal Reply Br. at 1.

The Court has determined that this matter raises an issue warranting a precedential decision. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). To accept the Secretary's concession, it seems that the Court must accept that an NOD's validity is a factual question. But the Court has long held that, at least under the legacy system, "[w]hether a document is an NOD is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)(1)." *Beyrle v. Brown,* 9 Vet.App. 24, 28 (1996); *see Shipley v. Shinseki*, 24 Vet.App. 458, 461 (2011). That said, one of our colleagues has asserted that, under statutory changes preceding the modernized system, de novo review is no longer the correct standard for this question. *See Palmer v. Nicholson*, 21 Vet.App. 434, 439 (2007) (Kasold, J., concurring) (emphasizing that "the filing of an NOD on or after November 18, 1988, is no longer a prerequisite to the Court's exercise of its jurisdiction" (first citing Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001); then citing *Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006))). And there appear to be no precedential

decisions on how we review NOD questions under the modernized system. In short, the time has come to address this issue.

Given the pleadings filed in this case, the Court believes that the assistance of counsel would help resolve this standard-of-review issue. So, under Rule 5 of this Court's Rules of Practice and Procedure, to permit possible arrangements for Mr. Hernandez's representation, it is

ORDERED that the Clerk of the Court request, by transmitting a copy of this order to the Director of the Case Evaluation and Placement Component of the Veteran's Consortium Pro Bono Program, that the Director investigate the possibility of appointing qualified counsel to provide direct representation for Mr. Hernandez if he so desires. It is also

ORDERED that the Clerk of the Court request, by transmitting a copy of this order to the Director of the Case Evaluation and Placement Component of the Veteran's Consortium Pro Bono Program, that the Director within 30 days from the date of this order file with the Court a response to this order with service on Mr. Hernandez and the Secretary, notifying the Court whether counsel was found and, if so, the identity of counsel and the anticipated date counsel will file an appearance.

DATED: June 29, 2026                                        PER CURIAM.

Copies to:

Joe Hernandez

VA General Counsel (027)

2